SO ORDERED.

Dated: June 13, 2019

Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 Proceedings |
| ARTHUR BENSON MOORE, | Case No.: 3:18-bk-13222-DPC |
| Debtor. | UNDER ADVISEMENT RULING ON TRUSTEE'S OBJECTION TO CLAIMED HOMESTEAD EXEMPTION |
| | [NOT FOR PUBLICATION] |

Before this Court is Trustee, Edward J. Maney's, ("Trustee") Objection to Claim of Property as Exempt[1] ("Trustee's Objection") and Arthur Benson Moore's ("Debtor") Response to Trustee's Objection to Claim of Property as Exempt[2] ("Debtor's Response"). In addition to the initial Trustee's Objection, the Court considered the Debtor's Supplemental Brief in Response to Trustee's Objection to Claim of Property as Exempt[3] ("Supplemental Brief") and the Trustee's Response to Debtor's Supplemental Brief in Response to Trustee's Objection to Claim of Property as Exempt[4] ("Response to Supplemental Brief"). After reviewing the parties' briefs and considering the attached exhibits, the Court grants the Trustee's Objection and denies the Debtor's claimed homestead exemption.

**I. BACKGROUND**

On October 29, 2018, Debtor filed the instant Chapter 13 bankruptcy.[5] On Debtor's Schedule C, Debtor claimed an exemption in his one-third interest in equity in the real property

---

[1] DE 13. "DE" references a docket entry in this administrative bankruptcy case 3:18-bk-13222-DPC.
[2] DE 15.
[3] DE 22.
[4] DE 23.
[5] DE 1.

located at 3700 N. Sharon, Prescott Valley, AZ 86314 ("Property").[6] On December 3, 2018, the 11 U.S.C. § 341[7] Meeting of Creditors was held. On December 6, 2018, Trustee filed Trustee's Objection.[8] On January 9, 2019, Debtor filed Debtor's Response.[9] On April 19, 2019, this Court heard oral arguments on Trustee's Objection and Debtor's Response.[10] The Court and parties agreed that some additional briefing was necessary. On May 3, 2019, Debtor filed his Supplemental Brief. On May 9, 2019, Trustee filed his Response to Supplemental Brief and this Court took the matter under advisement.

Debtor attached four documents to his Supplemental Brief: (1) Debtor's declaration; (2) a warranty deed for the Property; (3) a June 17, 2009 Yavapai County Superior Court Decree of Dissolution of Marriage ("Divorce Decree") between Debtor and his ex-spouse Kymothy Kaye Moore ("Ex-Wife"); and (4) a letter from Debtor's Ex-Wife.

- Debtor's declaration provides 11 statements based on Debtor's personal knowledge. Specifically, Debtor states, "9. If I were permitted to do so, I would return and live on the Property..."[11]

- The warranty deed conveyed the Property to Debtor and Ex-Wife on April 20, 2000, "as community property with right of survivorship."[12]

- The Divorce Decree reads, in relevant part:

7. That [Ex-Wife] is awarded the following separate and community property, to wit: …
    e. Exclusive use and occupancy of the residence and real property located at 3700 N. Sharon Dr., Prescott Valley, Arizona…Upon the sale of the residence [Ex-Wife] shall receive two-thirds of the net proceeds and [Debtor] shall receive one-third of the net proceeds…[13]

---

[6] *Id.* at page 17 of 51; Debtor listed the value of his exemption at approximately $45,000 based on a $200,000 valuation of the Property.
[7] Unless indicated otherwise, statutory citations refer to the U.S. Bankruptcy Code ("Code"), 11 U.S.C. §§ 101-1532 and to the Federal Rules of Bankruptcy Procedure ("FRBP"), Rules 1001-9037.
[8] DE 13.
[9] DE 15.
[10] DE 21.
[11] DE 22, Ex. 1.
[12] DE 22, Ex. A.
[13] *Id.* at Ex. B.

1   • The letter from Ex-Wife states that the Debtor is still listed as an owner of the
2   Property and that Ex-Wife has been living at the Property and is responsible for the mortgage
3   payments since the parties' divorce in 2009.[14] The letter further states that Ex-Wife is unable to
4   refinance the mortgage on the Property because it would result in higher mortgage payments that
5   she cannot afford.[15]
6   Trustee attached two documents to his Response to Supplemental Brief: (1) a Zillow
7   summary including home value, price and tax history, and neighborhood analysis; and (2) U.S.
8   Bank, National Association's proof of claim for its secured claim against the Property.[16]

## II. JURISDICTION

Pursuant to 28 U.S.C. § 157(b)(2)(B), this Court has jurisdiction over the allowance or disallowance of claimed exemptions on property of the estate.

## III. ISSUE

Whether Debtor's claimed homestead exemption is allowed in Property in which his ex-wife was awarded "[e]xclusive use and occupancy" in a Divorce Decree entered ten years before Debtor's Chapter 13 petition.

## IV. ANALYSIS

A. <u>The Law</u>.

The filing of a bankruptcy petition begins a bankruptcy case that in turn creates a bankruptcy estate consisting of all the debtor's property. *See* § 541; *Wolfe v. Jacobson* (*In re Jacobson*), 676 F.3d 1193, 1198 (9th Cir. 2012). The debtor is entitled to certain exemptions available under applicable law. *See* § 522(b); *In re Jacobson*, 676 F.3d at 1198. Arizona has opted out of the federal bankruptcy exemption scheme and therefore Arizona residents are limited to exemptions available under Arizona law. *See In re Smith*, 342 B.R. 801, 805 (9th Cir. B.A.P.

---

[14] *Id.* at Ex. 2.
[15] *Id.*
[16] DE 23, Ex. A and B. Ex-Wife suggests she cannot afford to both pay the mortgage and the health insurance. This is puzzling because, under the Divorce Decree, Debtor (not Ex-Wife) is to pay the health insurance

2006) (citing A.R.S. § 33-1133). In determining whether an applicable exemption is allowed, courts must interpret and apply Arizona law. *See id.*; *see also Renner v. Ariz. Dept. of Econ. Sec. (In re Renner)*, 822 F.2d 878, 879 n.1 (9th Cir. 1987).

The Arizona Supreme Court has stated that Arizona law requires that the homestead exemption be liberally construed to further its fundamental purpose of protecting the family from "the forced sale of home property." *Matcha v. Winn*, 131 Ariz. 115, 117 (Ct.App. 1981); *see also First National bank v. Reeves*, 27 Ariz. 508 (1925). The trustee bears the burden of proof to establish that the debtor is not entitled to the claimed exemption. *See* Fed. R. Bank. P. 4003(c); *see also In re Calderon*, 507 B.R. 724, 729 (9th Cir. B.A.P. 2014) (citing Fed. R. Bank. P. 4003(c) and *In re Cerchione*, 414 B.R. 540, 548-49 (9th Cir. B.A.P. 2009)).

Under A.R.S. § 33-1101, Arizona residents are entitled to a homestead exemption not exceeding one hundred fifty thousand dollars in value. The statute provides:

> A. Any person the age of eighteen or over, married or single, who resides within the state may hold as a homestead exempt from attachment, execution and forced sale, not exceeding one hundred fifty thousand dollars in value, any one of the following:
>
>> 1. The person's interest in real property in one compact body upon which exists a dwelling house in which the person resides…

Ariz. Rev. Stat. Ann. § 33-1101(A)(1). Courts have held that "temporary absence" from a home does not defeat a homestead and that A.R.S. § 33-1101(A)(1) does not require physical presence for the homestead to be claimed. *See In re Garcia*, 168 B.R. 403 (D. Ariz. 1994) ("temporary absence from a home will not defeat a homestead claim if a party intends that home to be his residence."); *see also In re Calderon*, 507 B.R. at 731 (rejecting trustee's argument that A.R.S. § 33-1101(A)(1) did not apply once debtor moved out of the residence).

A.R.S. § 33-1104 governs abandonment of homesteads and provides in relevant part:

> A. A homestead may be abandoned by any of the following:
>> 1. A declaration of abandonment or waiver;
>> 2. A transfer of the homestead property by deed of conveyance or contract for conveyance.

> 3. A permanent removal of the claimant from the residence or the state. A claimant may remove from the homestead for up to two years without an abandonment or a waiver of the exemption.

Ariz. Rev. Stat. Ann. § 33-1104(A)(1)-(3). The controlling question when determining whether an individual abandoned their homestead is whether the individual intended to abandon their homestead. *In re Calderon*, 507 B.R. at 732 (interpreting A.R.S. § 33-1104(A)(3)). If, on the petition date, the debtor has been living elsewhere for two years or more, then the debtor is presumed to intend for the removal from the homestead to be permanent, and only evidence of a clear intent for the removal to be temporary will defeat that presumption. *Id.* If the debtor is prohibited by a divorce decree from occupying the property, the debtor's mere assertion of an intent to return is insufficient to support a finding of a valid homestead declaration. *In re Wilson*, 341 B.R. 21, 25 (B.A.P. 9th Cir. 2006).

### B. Application of the Law to the Facts of this Case.

The Trustee urges the Court to find that the Debtor abandoned his homestead exemption in the Property because he has not lived there for more than a decade and is barred from living there pursuant to the Divorce Decree. The Debtor argues that the Divorce Decree expressly states that Debtor retains an interest in the Property and that it is not impossible that Debtor could return and reside in the Property some point in the future. Debtor's declaration expressly states that he would return and live on the Property but for being prohibited from doing so by the Divorce Decree.

First, the Court agrees with Debtor's claim that he has maintained an interest in the Property by virtue of the Divorce Decree. The Divorce Decree expressly grants Debtor an interest in one-third of the net proceeds should the Property be sold. The Divorce Decree does not contain any language divesting Debtor of his interest in the Property titled to him and the Ex-Wife as "community property with right of survivorship." The question for this Court to determine is whether Debtor presented sufficient evidence to overcome the presumption that his absence from the Property for more than two years constitutes abandonment for the purposes of A.R.S. § 33-1104.

Although the Debtor presented evidence in the form of a declaration stating that he would return to the Property but for the Divorce Decree prohibiting him from doing so and a letter from his Ex-Wife expressly stating that the Property "…is currently under the documented ownership of [Debtor] and [Ex-Wife]…" this Court disagrees that Debtor has presented evidence that overcomes the presumption that his absence from the Property since 2009 constitutes abandonment. This Court agrees with the B.A.P. in *In re Wilson* that a debtor cannot possess the requisite intent to claim a homestead when a divorce decree bars the debtor from using or occupying a residence.

The Divorce Decree explicitly grants "exclusive use and occupancy" of the Property to Ex-Wife. While the Debtor claims an intent to return to the Property, "…the probability of return in such circumstances is too remote to be material." *In re Wilson*, 321 B.R. at 25. The Debtor may similarly possess the subjective intent to someday occupy the Trustee's residence. As with the Property, Debtor's intent or desire to occupy a residence must be paid with a right to do so. This Court finds that the Debtor has not and could not possess the necessary intent together with the legal right required to overcome the presumption that his absence from the Property since 2009 constitutes abandonment of his homestead claim to the Property. No evidentiary hearing is needed to confirm this finding. Debtor's desire to live in the Property, genuine or not, cannot support his claimed homestead exemption because he is legally barred from occupying the Property.[17] This Court finds the Trustee has satisfied his burden in objecting to the Debtor's claimed homestead exemption. The Trustee's Objection is sustained.

The Court agrees with the Trustee where he notes that there is no scenario in this bankruptcy case where a sale of the Property can be compelled by the Trustee. Neither the Debtor nor the Trustee could force a sale because the Divorce Decree grants "exclusive use and occupancy" to Ex-Wife. A sale of property cannot be compelled by the Debtor. The Trustee and this estate hold no greater rights to the Property than the Debtor himself has. Only in the event of a sale does the Debtor retain an interest in one-third of the sale proceeds. The Divorce Decree

---

[17] Unless, of course, Debtor someday purchases the Ex-Wife's interest in the Property. This, however, could not support his currently claimed homestead because that exemption claim is viewed as of the date of his bankruptcy petition.

does not require a sale to take place. Under the Divorce Decree, a sale appears to be a decision which remains alone with the Ex-Wife or the state divorce court.

**CONCLUSION**

The Court sustains the Trustee's Objection and denies the Debtor's homestead exemption in the Property.

**IT IS ORDERED** sustaining Trustee's Objection to Claim of Property as Exempt.

**DATED AND SIGNED ABOVE.**

Notice to be sent to the following:

Ross M. Mumme, Esq. #029956
Staff Attorney to Chapter 13 Trustee
101 North First Ave., Suite 1775
Phoenix, Arizona 85003

Michael J. Gordon, Esq.
850 Cove Parkway, Suite A
Cottonwood, AZ 86326

Arthur Benson Moore
6810 E. Spouse, Apt 116
Prescott Valley, AZ 86314